United States Court of Appeals
Fifth Circuit

**F I L E D**

May 18, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-41487
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUADALUPE MARTINEZ-ZAMORANO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:06-CR-387-ALL
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Guadalupe Martinez-Zamorano (Martinez) appeals following his guilty plea to being an alien unlawfully found in the United States after deportation, having been previously convicted of a felony, in violation of 8 U.S.C. § 1326. He argues that the district court misapplied the Sentencing Guidelines by characterizing his 2003 conviction for illegal reentry as an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C).

Because Martinez did not raise the same argument in the district court, review is for plain error. United States v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gracia-Cantu, 302 F.3d 308, 310 (5th Cir. 2002).  To establish plain error, Martinez must show that (1) there is an error, (2) that is clear or obvious, and (3) that affects his substantial rights.  See United States v. Olano, 507 U.S. 725, 731-37 (1993).  If these factors are established, the decision to correct the error is within the sound discretion of this court, which will not be exercised unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  Id. at 736.

Martinez argues that his 2003 illegal reentry offense is not an aggravated felony because he was not previously deported on the basis of an offense described in 8 U.S.C. § 1101(a)(43) as an aggravated felony.  Although Martinez has a 1991 Texas conviction for possession of marijuana, he argues that this offense is not an aggravated felony and may not be used as an aggravating factor for purposes of the 2003 illegal reentry offense.  In light of recent Supreme Court precedent, Martinez is correct.  See Lopez v. Gonzales, 127 S. Ct. 625 (2006); see also 8 U.S.C. § 1101(a)(43)(O); United States v. Estrada-Mendoza, 475 F.3d 258, 259-61 (5th Cir. 2007).  The district court's calculation of Martinez's offense level was therefore plain error.  The error resulted in imposition of a sentence greater than would otherwise have been permitted under the Sentencing Guidelines, thereby affecting Martinez's substantial rights and the fairness of the judicial proceedings.  See United States v. Garza-Lopez, 410 F.3d

268, 275 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005); United States v. Alarcon, 261 F.3d 416, 424 (5th Cir. 2001). The sentence therefore is vacated.

Martinez also raises a constitutional challenge to § 1326(b), which is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Martinez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See Garza-Lopez, 410 F.3d at 276. Martinez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review. Martinez's conviction is therefore affirmed.

CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.