# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 21, 2010

No. 09-50513

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MARIA ISABEL GAMBOA-GARCIA,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas

Before JONES, Chief Judge, PRADO, Circuit Judge, and OZERDEN, District Judge.[*]

EDITH H. JONES, Chief Judge:

Following her second conviction for illegal re-entry after deportation, Maria Isabel Gamboa-Garcia appeals the application of an eight-level sentence enhancement based on her first conviction for illegal re-entry after committing an aggravated felony.  Finding no error, we AFFIRM.

---

[*] District Judge of the Southern District of Mississippi, sitting by designation.

No. 09-50513

## I. BACKGROUND

Gamboa has been convicted of three crimes:  (1) accessory to murder in 2001; (2) illegal re-entry with an enhanced sentence for  a previous aggravated felony in 2004; and (3) the current conviction.

In 2001, Gamboa was illegally residing in Idaho when she was present during a murder.  Following the murder, Gamboa drove the getaway car, cleaned the getaway car, gave the murderer money to aid his escape, and lied to police about her knowledge of the crime.  Later, she pled guilty and was convicted as an accessory to first degree murder (the 2001 conviction).[1]

On June 10, 2004, Gamboa was deported to Mexico, but returned and was arrested in Arizona only three months later.  She pled guilty to illegal re-entry and was convicted under 8 U.S.C. § 1326(a) (the 2004 conviction).  This conviction included an aggravated felony enhancement based on 8 U.S.C. § 1326(b)(2), which provides for additional penalties if an illegal immigrant reenters the country "subsequent to a conviction for commission of an aggravated felony."  According to the records of the district court in Arizona, she pled guilty to an illegal reentry crime that specifically considered her accessory to murder conviction as an aggravated felony.  She was sentenced to eight months in prison, two years of supervised release, and removed to Mexico on January 18, 2007.  She did not appeal.

On January 5, 2009, Gamboa was arrested in Texas and charged with illegal re-entry under 8 U.S.C. § 1326(a).  She pled guilty and the government again sought enhanced penalties under § 1326(b)(2).  Pursuant to U.S.S.G

---

[1]  Gamboa was convicted of violations under IDAHO CODE ANN.§§ 18-205, -206, -4001, -4002, -4003 (2002).

2

No. 09-50513

§ 2L1.2(b)(1)(C),[2] the pre-sentence report increased Gamboa's base offense level by eight because she was removed from the United States to Mexico on January 18, 2007, after her conviction on September 23, 2004, for the aggravated felony offense of illegal re-entry. The PSR also contained Gamboa's 2001 accessory to murder conviction.

The eight-level enhancement, combined with Gamboa's other criminal history, resulted in a total offense level of thirteen, with a recommended sentence guideline range of twenty-four to thirty months. She was ultimately sentenced to twenty-four months imprisonment, two years supervised release, and a $100 special assessment.

Gamboa appeals, asserting that the eight-level enhancement was inappropriately applied because she does not have a previous conviction for an aggravated felony. Gamboa argues that the district court erred in holding that her 2004 illegal re-entry conviction was an aggravated felony because her 2001 accessory to murder conviction was not an aggravated felony. Instead, the 2004 conviction should be considered simply a felony, which under U.S.S.G § 2L1.2(b)(1)(D) would have increased her current offense level by four.

## II. ANALYSIS

We review the district court's application of the sentencing guidelines *de novo*. *United States v. Fierro-Reyna*, 466 F.3d 324, 326 (5th Cir. 2006). Under U.S.S.G § 2L1.2(b)(1)(C), if the defendant was previously deported after "a conviction for an aggravated felony," her base offense level should "increase by 8 levels." The relevant guideline incorporates the aggravated felony definition

---

[2]   U.S.S.G. § 2L1.2(b)(1)(C) provides an "increase by 8 levels" if "the defendant previously was deported, or unlawfully remained in the United States after a conviction for an aggravated felony."

No. 09-50513

under 8 U.S.C. § 1101(a)(43), which lists several crimes. Section 1101(a)(43)(O) states:

> an offense described in section 1325 (a) or 1326 of this title committed by an alien who was previously deported on the basis of a conviction for an offense described in another subparagraph of this paragraph;

Thus, there are two elements under § 1101(a)(43)(O): (a) a § 1326 violation and (b) reentry after deportation based on another aggravated felony.

Here, Gamboa's 2004 conviction was for a § 1326 violation and she was deported in 2007. The 2004 conviction also constituted a violation of § 1326(b)(2), because she re-entered the country "subsequent to a conviction for commission of an aggravated felony." Under its plain language, the 2004 conviction is itself an aggravated felony under § 1101(a)(43)(O). Accordingly, the district court applied the eight-level aggravated-felony enhancement.

Gamboa concedes that she was previously removed after committing an offense under § 1326 in 2004. She argues, however, that her 2004 conviction for illegal re-entry was not an aggravated felony because her underlying 2001 conviction for accessory to murder was not an aggravated felony.

### A.

We first address Gamboa's argument that the district court should have reevaluated her 2004 conviction to determine whether the Arizona district court correctly determined that her 2001 accessory to murder conviction was an aggravated felony.

Based on the provisions just cited, Gamboa contends:[3]

---

[3] Gamboa relies on one unpublished case, *United States v. Martinez-Zamorano*, 228 F. App'x 497, 497-98 (5th Cir. 2007) (unpublished) (per curiam). In that case, this court reevaluated a defendant's previous conviction underlying an illegal re-entry offense because

No. 09-50513

In other words, for an illegal reentry offense to qualify as an aggravated felony, it must have been committed after the defendant was deported on the basis of another aggravated felony set out in 8 U.S.C. § 1101(a)(43).

Gamboa does not have an aggravated-felony conviction. Other than her prior illegal-reentry conviction, Gamboa has only one other conviction, accessory after the fact in Idaho. The accessory after the fact conviction is not an aggravated felony because it does not fit the definitions in any subparagraph of § 1101(a)(43). (emphasis added.)

The government resists this argument. It notes that courts are generally not required to reconsider prior convictions. *See, e.g.*, *Talbott v. Indiana*, 226 F.3d 866, 870 (7th Cir. 2000) ("When enhancing the sentences of repeat offenders, federal courts are entitled to treat prior convictions as what they are, rather than what defendants say they should have been"). Allowing such attacks would render § 1101(a)(43)(O) essentially meaningless by undermining the finality of such convictions, requiring courts repeatedly to reconsider arcane issues regarding prior convictions. Gamboa's proffered interpretation makes no sense, because defendants had a right to counsel in the prior convictions and could avail themselves of professional advice and the appellate process to correct any infirmities. The government's argument is essentially that sentencing under the guidelines is complicated, but it has not become a variation on the movie GROUNDHOG DAY (Columbia Pictures 1993).

We do not resolve this interpretive dispute, because Gamboa's inherent premise – that her Arizona conviction was not for an aggravated felony – is wrong on its face. The judgment states that she pled guilty to "violating Title 8,

_____

of an intervening Supreme Court decision that ruled the previous offense was not an aggravated felony.

U.S.C.§ 1326(a), Illegal Re-Entry after Deportation, with sentencing enhancement pursuant to Title 8, U.S.C. § 1326(b)(2), a Class C Felony offense, as charged in the Information." Gamboa thus admitted that she had been removed "subsequent to a conviction for commission of an aggravated felony." Her guilty plea expressly eliminates the interpretive question she raises here. The district court did not err in relying on the District Court of Arizona's determination that Gamboa's 2001 conviction was an aggravated felony, and it properly characterized her 2004 illegal re-entry conviction based on the earlier conviction.

## B.

Even if we assume, *arguendo*, that the district court should have reconsidered Gamboa's 2001 conviction underlying her 2004 aggravated felony conviction, the error is harmless because Gamboa's accessory to first degree murder conviction also qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43)(S).[4]

Section 1101(a)(43)(S) states that "an offense relating to obstruction of justice . . . for which the term of imprisonment is at least one year" is an aggravated felony. The statute does not define "obstruction of justice." *Alwan v. Ashcroft*, 388 F.3d 507, 514 (5th Cir. 2004). Gamboa argues that we should use the construction of the phrase "obstruction of justice" that the Board of Immigration Appeals (BIA) used in *In re Espinoza-Gonzalez*, 22 I. & N. Dec. 899 (BIA 1999). While we are not bound by the BIA's interpretation, we have given

---

[4] Gamboa argues that her accessory to murder conviction does not meet the definition of aggravated felony as a "crime of violence" under § 1101(a)(43)(F). We need not address that argument because the Government does not contend that her accessory to murder conviction was a crime of violence.

substantial deference to the BIA's construction of § 1101(a)(43)(S). *Alwan*, 388 F.3d at 510, 514. We assume without deciding that it is acceptable to defer to the BIA interpretation in the present context.

In *Espinoza-Gonzalez*, the BIA concluded that obstruction of justice crimes include (1) "either active interference with proceedings of a tribunal or investigation, or action or threat of action against those who would cooperate in the process of justice," and (2) a "specific intent to interfere with the process of justice." 22 I. & N. Dec. at 893. Further, the BIA reaffirmed that a conviction under 18 U.S.C. § 3 for being an accessory after the fact constitutes an obstruction of justice offense. *Id.* at 894-95.

According to 18 U.S.C. § 3, "Whoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact." The elements of accessory after the fact under 18 U.S.C. § 3 are essentially the same as those of the Idaho accessory statute Gamboa was convicted of violating. Idaho Code Annotated § 18-205 provides:

> All persons are accessories who, having knowledge that a felony has been committed:
> > (1) Willfully withhold or conceal it from a peace officer, judge, magistrate, grand jury or trial jury; or
> > (2) Harbor and protect a person who committed such felony or who has been charged with or convicted thereof.

Both 18 U.S.C. § 3 and I.C. § 18-205 require that the defendant have knowledge that an offense has been committed and take actions to assist the offender. Gamboa's accessory to murder conviction comfortably falls within the BIA's definition of "obstruction of justice."

No. 09-50513

Gamboa argues that her accessory offense did not involve active interference and more closely resembles misprision of a felony, which the BIA decided was not an obstruction of justice because "concealment of a crime is qualitatively different from an affirmative action to hinder or prevent apprehension." *Espinoza-Gonzalez*, 22 I. & N. Dec. at 894. In support, Gamboa claims that she was convicted as being the first type of accessory under I.C. § 18-205, one who knows a felony had been committed and willfully withholds or conceals it from a peace officer.

Although the record does not specify which section of I.C. § 18-205 Gamboa violated, the complaint to which she pled guilty does indicate that in addition to concealing the murder by cleaning out the getaway car and lying to the police, Gamboa harbored and protected the murderer by driving him to a different town and giving him $500. These acts fall under the second part of I.C. § 18-205 and constitute active interference within the BIA's definition of obstruction of justice.

Therefore, Gamboa's 2001 conviction for accessory to murder is an aggravated felony under 8 U.S.C. § 1101(a)(43)(S), constituting an additional reason why the 2004 aggravated felony conviction for illegal re-entry was appropriate.

## III. CONCLUSION

For the foregoing reasons, the district court is **AFFIRMED.**