**UNITED STATES of America, Plaintiff–Appellee**

v.

**Jose Nicolas ARRIAZA–VIERA, also known as Jose Arriaza, also known as Jose Arriaza–Viera, also known as Jose Antonio Estrada, also known as Jose Nicholas Arriaza Viera, also known as Jose N. Arriaza–Viera, also known as John Doe, also known as Jose A. Estrada, also known as Jose Nicolas Arriaza, also known as Jose Nicolas Arriaza Viera, Defendant–Appellant.**

No. 13–20122
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 16, 2014.

Eileen K. Wilson, Assistant U.S. Attorney, Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Thomas S. Berg, Esq., Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Jose Nicolas Arriaza–Viera (Arriaza) appeals his sentence following entry of his guilty plea to being unlawfully present in the United States after having been removed and convicted of an aggravated felony in violation of 8 U.S.C. § 1326. He argues that the district court erred in concluding that his prior unlawful reentry conviction under § 1326, predicated on his District of Columbia conviction for attempted robbery, qualified as an aggravat-

---

ed felony under U.S.S.G. § 2L1.2(b)(1)(C). He contends that the prior § 1326 conviction is not an aggravated felony under 8 U.S.C. § 1101(a)(43)(*O*) because the underlying attempted robbery conviction does not qualify as either a crime of violence under § 1101(a)(43)(F), or a theft offense under § 1101(a)(43)(G).

Arriaza acknowledges that the appropriate standard of review is plain error. *See United States v. Chavez–Hernandez,* 671 F.3d 494, 497 (5th Cir.2012). Thus, relief is not warranted unless there has been legal error, the error is clear or obvious, and the error affected substantial rights. *See Puckett v. United States,* 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009). We may exercise our discretion to correct plain error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Section 2L1.2(b)(1)(C) provides an eight level enhancement if the defendant was deported after a prior aggravated felony conviction. § 2L1.2(b)(1)(C). The term "aggravated felony" is defined in § 1101(a)(43), § 2L1.2 cmt. n. 3(A); it includes an illegal reentry offense under § 1326 if the offense was committed after the defendant was deported on the basis of another aggravated felony set out in § 1101(a)(43). *See* § 1101(a)(43)(*O*); *United States v. Gamboa–Garcia,* 620 F.3d 546, 548 (5th Cir.2010). The term "aggravated felony" also includes a "crime of violence," other than a purely political offense, and a "theft offense" for which the term of imprisonment is at least one year. *See* § 1101(a)(43)(F), § 1101(a)(43)(G). The attempt to commit a described offense is included in the definition of an aggravated felony. *See* § 1101(a)(43)(U).

The Government argues that Arriaza is attempting to relitigate the characterization of his underlying attempted robbery conviction and that he should be precluded from doing so. Citing *Gamboa–Garcia,* 620 F.3d at 547–48, it argues that allowing Arriaza to challenge the nature of the conviction "would render § 1101(a)(43)(*O*) essentially meaningless by undermining the finality of convictions and requiring courts repeatedly to reconsider arcane issues regarding prior convictions." Despite our discussion of this point in *Gamboa–Garcia,* 620 F.3d at 549, we have not found it necessary to squarely address whether a defendant assessed a § 2L1.2(b)(1)(C) adjustment based on a prior illegal reentry offense under § 1101(A)(43)(*O*) is barred from challenging the underlying conviction. Nor do we do so here because even assuming that we may reach the issue, Arriaza has not shown reversible plain error.

Under § 1101(a)(43)(F), a "crime of violence (as defined in section 16 of Title 18, but not including a purely political offense)" is an aggravated felony. Under 18 U.S.C. § 16, a crime of violence means "(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or "(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The District of Columbia robbery statute provides, in relevant part, that "[w]hoever by force or violence, whether against resistance or by sudden or stealthy seizure or snatching, or by putting in fear, shall take from the person or immediate actual possession of another anything of value, is guilty of robbery." D.C.Code Ann. § 22–2801. "Whoever attempts to commit robbery, as defined in § 22–2801, by an overt act," is guilty of attempted robbery. D.C.Code Ann. § 22–2802.

Arriaza argues that his prior attempted robbery conviction is not a crime of vio-

lence because the relevant statute includes nonviolent means of committing the offense, namely by "stealthy seizure or snatching." He cites two District of Columbia cases in which the court held that the District of Columbia's statutory definition of robbery did not meet the definition of crime of violence under U.S.S.G. § 4B1.2(a) or 18 U.S.C. § 924(e), respectively. These cases are not controlling precedent, however, because they were not from this circuit and because they addressed a different guideline provision. *Cf., United States v. Herrera–Alvarez*, 753 F.3d 132, 136 (5th Cir.2014) (recognizing that categorical approach precedents are not interchangeable "if there is a salient statutory distinction among the statutes or Guidelines provisions at issue or if the precedents are otherwise distinguishable.").

This court has never held that attempted robbery in the District of Columbia is not a crime of violence under § 2L1.2(b)(1)(C). "[L]egal error must be clear or obvious, rather than subject to reasonable dispute." *Puckett*, 556 U.S. at 135, 129 S.Ct. 1423; *see also United States v. Hernandez–de Aza*, 536 Fed.Appx. 404, 408 (5th Cir.2013) (concluding that because the issue was subject to reasonable dispute, the district court's ruling should not be disturbed on plain error review). Arriaza has not shown that the district court made a clear or obvious error when it adjusted his offense level under § 2L1.2(b)(1)(C) based on his prior illegal reentry conviction. Nor has he shown that a miscarriage of justice will result if this court does not accept his contention that his attempted robbery conviction was not a crime of violence. *See, e.g., United States v. Dodson*, 288 F.3d 153, 162 (5th Cir.

2002). Accordingly, the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.