### UNITED STATES of America, Plaintiff–Appellee

v.

**Dennis GALINDO, also known as Dennys Oqueli Galindo, also known as Gerardo Ortiz Bonilla, also known as Francisco Igricio Gutierrez, also known as Armando Sosa Hernandez, Defendant–Appellant.**

### No. 14–20020
### Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 16, 2014.

Lauretta Drake Bahry, Assistant U.S. Attorney, Renata Ann Gowie, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Thomas S. Berg, Esq., Mallett Saper Berg, L.L.P., Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM: *

Dennis Galindo appeals the sentence imposed following his guilty plea conviction to being unlawfully present in the United States after having been removed subsequent to an aggravated felony, in violation of 8 U.S.C. § 1326. He argues that the district court erred in concluding that his prior illegal reentry conviction, predicated on his Iowa theft conviction, qualified as an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C). Specifically, Galindo contends that the prior § 1326 conviction is not an aggravated felony under 8 U.S.C. § 1101(a)(43)(O) because the court lacked sufficient documentation to determine whether the underlying theft conviction qualified as a theft offense under § 1101(a)(43)(G).

We review Galindo's challenge to the district court's application of the Sentencing Guidelines de novo. *United States v. Medina–Torres,* 703 F.3d 770, 773 (5th Cir.2012). Section 2L1.2(b)(1)(C) provides for an eight-level enhancement if the defendant was deported after a prior aggravated felony conviction. § 2L1.2(b)(1)(C). The term "aggravated felony" is defined in § 1101(a)(43). § 2L1.2, comment. (n.3(A)). This definition includes an illegal reentry offense under § 1326 if the offense was committed after the defendant was deported on the basis of another aggravated felony also set out in § 1101(a)(43). *See* § 1101(a)(43)(O); *United States v. Gam-*

---

*boa–Garcia,* 620 F.3d 546, 548 (5th Cir. 2010). The term "aggravated felony" also includes a "theft offense" for which the term of imprisonment is at least one year. *See* § 1101(a)(43)(G).

The judgment in Galindo's prior illegal reentry case reflects that he was convicted of unlawful reentry by a previously deported convicted felon, in violation of § 1326(a) and § 1326(b)(2). Thus, the prior judgment reflects that Galindo's illegal reentry conviction occurred subsequent to an aggravated felony, and the district court was entitled to rely on that judgment. *See Gamboa–Garcia,* 620 F.3d at 549. Accordingly, the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.