# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10096
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 21, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE MEDRANO-CAMARILLO,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CR-93-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Medrano-Camarillo pleaded guilty to illegally reentering the United
States after previously having been removed and was sentenced within the
Guidelines to 60 months of imprisonment.  He argues that the district court
plainly erred in entering judgment under 8 U.S.C. § 1326(b)(2), which provides
a statutory maximum term of imprisonment of 20 years for an alien whose
prior removal was subsequent to a conviction for an "aggravated felony," as

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 15-10096

that term is defined in 8 U.S.C. § 1101(a)(43)(F).  If the alien's prior removal was subsequent to a conviction for a felony, as opposed to an aggravated felony, then § 1326(b)(1)'s ten-year statutory maximum applies.

Medrano-Camarillo argues that his prior Texas conviction for aggravated assault with a deadly weapon, for which he received four years deferred adjudication of probation, did not qualify as an "aggravated felony" because his conviction did not result in a term of imprisonment of at least one year.[1]  He seeks that his case be remanded to the district court for resentencing or, alternatively, for reformation of the judgment.  The Government concedes the error but contends that remand for resentencing is improper because Medrano-Camarillo failed to show that the error affected his substantial rights.

Because Medrano-Camarillo did not object on this basis in the district court, review is for plain error only.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 368 (5th Cir. 2009).  To establish plain error, he must show a forfeited error that is clear or obvious and that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

We agree that the district court committed clear or obvious error in entering judgment under § 1326(b)(2).  When a court places a defendant directly on probation, it has not imposed a "term of imprisonment" within the

---

[1] The issue whether Medrano-Camarillo's prior offense is an aggravated felony hinges on whether a term of imprisonment was imposed and not on whether the offense is a crime of violence as defined in 18 U.S.C. § 16(a) & (b).  Additionally, Medrano-Camarillo acknowledges that his prior conviction qualifies as an enumerated offense for purposes of the 16-level crime-of-violence enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) and that there was no error in the application of the enhancement.  *See United States v. Ramirez*, 367 F.3d 274, 277-78 (5th Cir. 2004).  As Medrano-Camarillo asserts, the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), is not implicated in this appeal.

meaning of § 1101(a)(43)(F).   *Mondragon-Santiago*, 564 F.3d at 368-69. Accordingly, because deferred adjudication probation in Texas does not impose a sentence of imprisonment, Medrano-Camarillo's prior Texas conviction cannot be considered an aggravated felony under § 1326(b)(2).  *See id.*

In any event, nothing in the record suggests that the error influenced the district court's sentencing decision.  Because the error did not affect Medrano-Camarillo's substantial rights, resentencing is not warranted.  *See id.* at 369.

Nevertheless, because the judgment erroneously reflects that Medrano-Camarillo was convicted under § 1326(b)(2), and because that designation has potential immigration consequences, remand for reformation of the judgment is proper.   Accordingly, Medrano-Camarillo's conviction and sentence are AFFIRMED.   We REMAND the case to the district court for the limited purpose of reforming the judgment to reflect the correct statute of conviction.