# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40476

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee

v.

EFRAIN PIEDRA-MORALES,

　　　　Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before JONES, BARKSDALE, and COSTA, Circuit Judges.

PER CURIAM:

　　Efrain Piedra-Morales was caught and pled guilty to illegal reentry in violation of 8 U.S.C. §1326(a), (b).   Previously, he had been deported three times from the United States.  Piedra-Morales appeals the district court's application of an eight-level aggravated felony enhancement under U.S.S.G. § 2L1.2(b)(1)(C) for deportation after an earlier aggravated felony conviction. He contends that his prior convictions for illegal reentry under 8 U.S.C. § 1326(b)(2) are not aggravated felonies because they are predicated on his prior cocaine possession convictions, which are no longer considered aggravated felonies under *Lopez v. Gonzales*, 549 U.S. 47, 50, 60 (2006). Because the cocaine possession convictions are no longer aggravated felonies,

he argues that his prior illegal reentry convictions are also not aggravated felonies.  We find no error and affirm the sentence.

The presentence report recommended a base offense level of eight in accordance with U.S.S.G. § 2L1.2(a) and subtracted three-levels for acceptance of responsibility, making his total offense level thirteen.  At sentencing, defense counsel noted their objection to the eight-level enhancement, but said they "understand that that issue has been foreclosed by the Fifth Circuit and does not apply."  The district court agreed with this statement.  Piedra-Morales's resulting guidelines sentencing range was 18-24 months in prison and the district court sentenced him to serve 18 months.  Piedra-Morales timely appealed.  With this sentence, he is scheduled for release from custody in mid-January 2017.

This court reviews a preserved challenge to the district court's application of the Sentencing Guidelines *de novo*. *United States v. Medina-Torres*, 703 F.3d 770, 773 (5th Cir. 2012).  Section 2L1.2(b)(1)(C) authorizes an eight-level enhancement of the base offense level if the defendant was previously deported after an aggravated felony conviction. An aggravated felony includes an illegal reentry offense committed by one who has previously been deported following an aggravated felony conviction.    8 U.S.C. § 1101(a)(43)(O).

In accordance with defense counsel's acknowledgement that this issue is foreclosed by our precedent, our precedential opinion in *United States v. Gamboa-Garcia* compels our holding in this case.  620 F.3d 546 (5th Cir. 2010).  There, the defendant likewise challenged an eight-level sentence enhancement in accordance with § 2L1.2(b)(1)(C).   620 F.3d at 547–48. The defendant claimed that her prior illegal reentry conviction was not an aggravated felony because it arose after a conviction for accessory to murder, which was incorrectly categorized as an aggravated felony.  *Id.* at 548–49.  This court

declined to "resolve this interpretive dispute." We determined instead that the judgment for the prior illegal reentry conviction specifically indicated that the defendant pled guilty under § 1326(b)(2) based on an aggravated felony conviction. *Id.* at 549. The defendant's "guilty plea expressly eliminate[d] the interpretive question she raise[d]." *Id.*

Piedra-Morales seeks an escape route from his two prior knowing and voluntary guilty pleas entered pursuant to § 1326(b)(2). Piedra-Morales argues that his case is different from *Gamboa-Garcia* because the California felony cocaine possession offenses underlying his prior illegal reentry conviction no longer qualify as aggravated felonies under *Lopez*, while the defendant in *Gamboa-Garcia* contended that her predicate conviction was improperly classified at the time of her prior illegal reentry conviction. *See* 620 F.3d at 548. This distinction is not dispositive under the logic of *Gamboa-Garcia.* As noted, that case was resolved based on the defendant's prior guilty plea to a § 1326(b)(2) offense and concomitant admission that she was deported following a conviction for an aggravated felony. 620 F.3d at 549. Permitting an attack on a prior conviction would "undermin[e] the finality of such convictions, requiring courts repeatedly to reconsider arcane issues regarding prior convictions." *Id.* Consequently, because Piedra-Morales pled guilty twice under § 1326(b)(2), we hold that the district court did not err in applying an eight-level aggravated felony enhancement to the instant, third conviction.

The sentence imposed by the district court is **AFFIRMED**.