# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20194
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 4, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL LARIOS-VILLATORO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-629-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Daniel Larios-Villatoro appeals the 18-month sentence imposed when he pleaded guilty to being in the United States illegally after being deported. He contends that his offense level was improperly increased by eight levels due to a 2011 conviction for illegal reentry. He argues that the previous illegal reentry conviction should not have been treated as an "aggravated felony" because the 1996 Nebraska attempted-arson conviction that rendered the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20194

illegal reentry aggravated was itself not an aggravated felony.  We need not revisit the underlying Nebraska felony because Larios-Villatoro concedes that the prior illegal reentry offense was an aggravated felony when he pleaded guilty in 2011.  *See United States v. Gamboa-Garcia*, 620 F.3d 546, 548-49 (5th Cir. 2010).

Moreover, Larios-Villatoro fails to show that the Nebraska conviction was not an aggravated felony.  He contends that could only qualify as an aggravated felony under the residual definition of "crime of violence" found at 18 U.S.C. § 16(b), which he says is unconstitutional in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).  That contention is foreclosed.  *See United States v. Gonzalez-Longoria*, 831 F.3d 670, 675-77 (5th Cir. 2016) (en banc), *petition for cert. filed* (Sept. 29, 2016) (No. 16-6259).  The Government's motion for summary affirmance is granted.  We deny, as unnecessary, its alternative motion for an extension of time for briefing, and we affirm the judgment of the district court.

Larios-Villatoro moves for a stay of the appeal until the Supreme Court decides whether § 16(b) is unconstitutionally vague in *Lynch v. Dimaya*, 137 S. Ct. 31 (2016) (granting certiorari).  The motion is denied.  *Gonzalez-Longoria* is binding precedent unless overruled by this court en banc or by the Supreme Court. *See United States v. Lipscomb*, 299 F.3d 303, 313 & n.34 (5th Cir. 2002).  A grant of certiorari does not in itself override this court's precedent.  *See Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986).

JUDGMENT AFFIRMED; MOTION FOR SUMMARY AFFIRMANCE GRANTED; MOTION FOR AN EXTENSION OF TIME DENIED, MOTION TO STAY APPEAL DENIED.