# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20035

United States Court of Appeals
Fifth Circuit

**FILED**

April 17, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

ISRAEL MOLINA-MONTIEL, also known as Israel Molina Montiel, also known as Israel M. Montiel, also known as Israel Montiel,

> Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-439-1

Before REAVLEY, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

The defendant Molina-Montiel is serving a 24-month sentence for illegal entry after a prior aggravated felony conviction in Texas. Eight offense points were added for his prior conviction and his contention on appeal is that enhancement of offense points was error. No objection was made at trial.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20035

The Guidelines for obstruction of justice as an aggravated felony enhancement for this conviction: (1) "either active interference with proceedings of a tribunal or investigation, or action or a threat of action against those who would cooperate in the process of justice"; and (2) a "specific intent to interfere with the process of justice." *United States v. Gamboa-Garcia*, 620 F.3d 546, 550 (5th Cir. 2010). The Texas obstruction and retaliation statute provides:

> (a)   A person commits an offense if he intentionally or knowingly harms or threatens to harm another by an unlawful act:
>
> (1)   in retaliation for or on account of the service or status of another as a:
>
> (A)   public servant, witness, prospective witness, or informant; or
>
> (B)   person who has reported or who the actor knows intends to report the occurrence of a crime; or
>
> (2)   to prevent or delay the service of another as a:
>
> (A)   public servant, witness, prospective witness, or informant; or
>
> (B)   person who has reported or who the actor knows intends to report the occurrence of a crime.

Tex. Penal Code § 36.06 (2013).

The defendant pleaded guilty and stated in court that he had threatened harm to a person in relation for his service as a witness. Can we then say that the defendant had been convicted of interference with the process of justice? Not if we can rely only on the statute and judgment. The Texas statute is too broad and we cannot divide all of its provisions to know exactly the conviction of the defendant. Looking to the Texas law and the opinions of the Court of Criminal Appeals, we could not say there was a fit between the statute and the

2

judgment of conviction.    The government's contrary argument is based primarily on *Cada v. State of Texas*, 334 S.W.3d 766 (Tex. Ct. Crim. App. 2011). Properly understood, that case and *Kitchens v. State*, 823 S.W.2d 256 (Tex. Crim. App. 1991), confirm that Section 36.06 criminalizes a broader swath of conduct than is covered by the Guidelines obstruction-of-justice enhancement.

In discussing Section 36.06, the Texas Court of Criminal Appeals restated the rule that "the State may plead in the conjunctive and charge in the disjunctive." *Cada*, 334 S.W.3d at 771 (citing *Kitchens*, 823 S.W.2d at 258). *Kitchens*, in turn, explained "that alternate pleading of the differing methods of committing one offense may be charged in one indictment." 823 S.W. 2d at 258. The court then elaborated: "It is appropriate where the alternate theories of committing the same offense are submitted to the jury in the disjunctive for the jury to return a general verdict if the evidence is sufficient to support a finding under any of the theories submitted." *Id.* Juror unanimity is not required with respect "preliminary factual issues" representing these different theories of how the offense might have been committed. *Id.* (quoting *Schad v. Arizona*, 501 U.S. 624, 111 S.Ct. 2491, 2497 (1991) (plurality opinion)).

*Kitchens* was not speaking of Section 36.06, but *Cada* was.    And the *Cada* court relied on *Kitchens* to explain why there was no error for an indictment charging an offense under Section 36.06 to "list 'a public servant, witness, prospective witness, or informant,' and then allow jurors individually to decide into which of the categories a victim fit. 334 S.W.3d at 771. No unanimity was required; what was needed was for each juror to find beyond a reasonable doubt that the victim fit into one of those four categories. Because jurors had that flexibility, some may have concluded that the victim was a "public servant," a category of individuals who are not all involved with the provision of justice as required by the Guidelines. *See, e.g., In re P.N.*, No.

03-04-00751-CV, 2006 WL 2190577, at *6 (Tex. App. Aug. 4, 2006) (unpublished) (public school teacher); *Martinez v. State*, No. 04-02-00792-CR, 2004 WL 202864, at *2–3 (Tex. App. Feb. 4, 2004) (unpublished) (elementary school "data entry clerk"), *In re J.L. O.*, No. 03-01-00632-CV, 2002 WL 1804951, at *3 (Tex. App. Aug. 8, 2002) (unpublished) ("school district employee"); *see also* Tex. Penal Code § 1.07(a)(41) (defining the term *public servant* for purposes of the Penal Code).

What is required or allowed in a direct appeal by the Texas court is very different from what the record of previous conviction to enhance the offense points in a federal case requires. And here our record does not show a conviction for any specific element of the statute fitting the Guidelines.

Enhancement of the sentence by the offense points was error and, even though the Government says this is a novel error and not exactly error, we rule that it is plain error. Finding the first three prongs of plain error satisfied, we reach the fourth and choose not to affirm with the effect of the error on the sentencing guidelines for defendant.

The sentence is VACATED and the cause is REMANDED for resentencing.