# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20109
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 20, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN BAUTISTA ROSAS CUELLAR,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-405-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Juan Bautista Rosas Cuellar appeals the within-Guideline 23-month sentence for illegal reentry after an aggravated felony conviction, under 8 U.S.C. § 1326(a) & (b)(2). The district court imposed an 8-level enhancement under former U.S.S.G. § 2L1.2(b)(1)(C) because Cuellar's prior, 2012 illegal reentry offense was an aggravated felony. *See* 8 U.S.C. § 1101(a)(43)(O). Cuellar argues that the district court erroneously imposed the § 2L1.2

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20109

enhancement because the offense underlying his 2012 illegal reentry offense, a Texas offense for delivery of a controlled substance, is not an aggravated felony and thus his 2012 illegal reentry offense is not an aggravated felony. He concedes, however, that his argument is foreclosed by circuit precedent, and he advances it to preserve it for further appellate review.

The Government has filed an unopposed motion for summary affirmance, requesting alternatively an extension of time to file its brief. Summary affirmance is proper where, among other instances, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

In *United States v. Gamboa-Garcia*, 620 F.3d 546, 549 (5th Cir. 2010), we concluded that the sentencing court was entitled to refer to a prior illegal reentry conviction as an aggravated felony without revisiting whether the underlying prior conviction was an aggravated felony. We emphasized that, in pleading guilty to his prior illegal reentry offense, the defendant acknowledged that he was subject to § 1326(b)(2) because of a prior aggravated felony conviction. *Id.* The circumstances of Cuellar's plea "eliminate[] the interpretive question []he raises here." *See id.* Accordingly, the parties are correct that Cuellar's challenge is foreclosed. *See also United States v. Piedra-Morales*, 843 F.3d 623, 624-25 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1361 (2017).

In view of the foregoing, the Government's motion for summary affirmance is GRANTED. The Government's alternative motion for an extension of time to file a brief is DENIED AS UNNECESSARY. The judgment of the district court is AFFIRMED.