# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20194
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 1, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL LARIOS-VILLATORO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-629-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:*

Daniel Larios-Villatoro appealed the sentence imposed after he pleaded guilty to being in the United States illegally. *See United States v. Larios-Villatoro*, 684 F. App'x 411, 412 (5th Cir. 2017), *vacated*, 138 S. Ct. 1980 (2018). He contended that a sentence increase was improperly based on a 2011 conviction for illegal reentry that qualified as an "aggravated felony" due to a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20194

1996 Nebraska conviction for attempted arson. The Nebraska conviction was also regarded as an aggravated felony because it was a "crime of violence." *See* 8 U.S.C. § 1101(a)(43)(F) & (O). Larios-Villatoro argued that the Nebraska crime was not a crime of violence under 8 U.S.C. § 16(b) so that neither that offense nor the 2011 illegal reentry qualified as aggravated felonies.

We affirmed, holding in part that a challenge to the characterization of the Nebraska conviction based on the alleged unconstitutionality of § 16(b) was foreclosed by *United States v. Gonzalez-Longoria*, 831 F.3d 670, 675-77 (5th Cir. 2016) (en banc), *vacated*, 138 S. Ct. 2668 (2018). *See Larios-Villatoro*, 684 F. App'x at 412. But we also held that there was no need to "revisit the underlying Nebraska felony because Larios-Villatoro [had conceded] that the prior illegal reentry offense was an aggravated felony when he pleaded guilty in 2011." *Larios-Villatoro*, 684 F. App'x at 412 (citing *United States v. Gamboa-Garcia*, 620 F.3d 546, 548-49 (5th Cir. 2010)).

However, the Supreme Court subsequently abrogated *Gonzalez-Longoria* by holding that § 16(b) is unconstitutional. *See Sessions v. Dimaya*, 138 S. Ct. 1204, 1214-15 (2018). The Court then granted certiorari in the instant case and remanded for our additional consideration in light of *Dimaya*. *Villatoro v. United States*, 138 S. Ct. 1980 (2018).

*Dimaya* precludes reliance on *Gonzalez-Longoria*. It does not, however, undermine our reasoning that reexamining the Nebraska conviction remains foreclosed because the 2011 judgment specifically showed that Larios-Villatoro pleaded guilty under § 1326(b)(2) to an illegal reentry that was an aggravated felony. *See United States v. Piedra-Morales*, 843 F.3d 623, 624-25 (5th Cir. 2016) (citing *Gamboa-Garcia*, 620 F.3d at 548-49), *cert. denied*, 137 S. Ct. 1361 (2017)). Accordingly, the judgment is AFFIRMED on the alternative ground identified in our prior opinion in this case.