# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 13, 2018

Lyle W. Cayce
Clerk

No. 17-11299
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CESAR CARAPIA HERNANDEZ, also known as Javier Gangeno, also known as Armando Granjeno, also known as Cesar Diaz Hernandez, also known as Cesar Carapia-Hernandez, also known as Cesar Carapia-Ortega, also known as Cesar Lopez-Diaz,

Defendant - Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-64-1

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Caesar Carapia Hernandez pleaded guilty, without a plea agreement, to illegal reentry after deportation, and he was sentenced above the Guidelines to 36 months of imprisonment. No term of supervised release was imposed. For the first time, Carapia Hernandez argues that the district court clearly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erred in sentencing him and entering judgment against him under 8 U.S.C. § 1326(b)(2), which sets the statutory maximum penalty at 20 years of imprisonment for a defendant whose pre-removal conviction was for an "aggravated felony." § 1326(b)(2).

As the parties recognize, because Carapia Hernandez did not challenge the application of § 1326(b)(2) in the district court, review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *see, e.g., United States v. Medrano-Camarillo*, 653 F. App'x 239, 240 (5th Cir. 2016) (applying plain error review where the defendant did not challenge the entry of judgment under § 1326(b)(2) in the district court).

We note that Carapia Hernandez does not argue that he did not have a prior conviction for an aggravated felony as that term is defined for purposes of the statutory maximum. Rather, citing *United States v. Gamboa-Garcia*, 620 F.3d 546, 548-49 (5th Cir. 2010), *United States v. Piedra-Morales*, 843 F.3d 623, 645-25 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1361 (2017), and other cases, Carapia Hernandez argues that the district court was "bound" by the judgment in his 2009 illegal reentry case in the Southern District of Texas, which indicated that he was sentenced under the 10-year statutory maximum of § 1326(b)(1). He contends that his sentence should be vacated and the case remanded for resentencing or, alternatively, the judgment should be reformed to reflect that he was convicted and sentenced under § 1326(b)(1).

We will not ordinarily find a plain error when we have not previously addressed an issue. *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009). "Even where the argument requires only extending authoritative precedent, the failure of the district court to do so cannot be plain error." *Id.* (internal quotation marks and citation omitted); *see also United States v. Lucas*, 849 F.3d 638, 645 (5th Cir. 2017) ("An error is not plain under current law if a

No. 17-11299

defendant's theory requires the extension of precedent.") (internal quotation marks and citation omitted).

Because the cases relied upon by Carapia Hernandez do not speak directly to the issue presented here, Carapia Hernandez has not demonstrated that the district court's determination that he was subject to the statutory maximum of § 1326(b)(2) constituted a clear or obvious error.  He also has not shown that his sentence was affected by a misunderstanding of the applicable statutory maximum.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 368-69 (5th Cir. 2009).  The district court gave lengthy reasons for imposing the sentence, noting, inter alia, that Carapia Hernandez had been removed from the United States on 16 prior occasions and had not been deterred from reentering the United States even after being sentenced to 20 months of imprisonment.  Moreover, the 36-month term of imprisonment imposed was well below the 10-year statutory maximum of § 1326(b)(1) that Carapia Hernandez argues the district court was bound to apply.  Nothing in the record suggests that the district court would have imposed a lesser sentence if a 10-year statutory maximum applied.

For these reasons, Carapia Hernandez has not shown reversible plain error.  *See Puckett*, 556 U.S. at 135.  Having found no clear or obvious error, we decline to reform the judgment.

**AFFIRMED.**