# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50354
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 27, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUVENTINO MENDOZA SOTO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:14-CR-2369-1

Before STEWART, Chief Judge, and GRAVES and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Juventino Mendoza Soto was convicted of attempted illegal reentry and false personation in immigration matters. The district court sentenced him to 33 months in prison. He seeks to appeal his sentence. We may consider the instant appeal even though Mendoza Soto failed to file a timely notice of appeal because the Government has waived the issue. *See United States v. Martinez*, 496 F.3d 387, 388 (5th Cir. 2007).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50354

Mendoza Soto argues that the district court erred in concluding that he previously was removed after a conviction of an aggravated felony that merited an adjustment under U.S.S.G. § 2L1.2(b)(1)(C).  Because Mendoza Soto did not raise this issue in the district court, we review the claim for plain error.  *See United States v. Castañeda*, 740 F.3d 169, 171 (5th Cir. 2013).

While Mendoza Soto focuses his argument on whether his prior Colorado conviction for attempted second-degree kidnapping is an "aggravated felony," the record indicates that the district court enhanced his sentence pursuant to § 2L1.2(b)(1)(C) (2014) because he previously pleaded guilty to illegal reentry after a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2).  That offense is an "aggravated felony" under § 2L1.2(b)(1)(C), and, thus, merits the enhancement.  *See United States v. Piedra-Morales*, 843 F.3d 623, 624-25 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1361 (2017); *United States v. Gamboa-Garcia*, 620 F.3d 546, 548-49 (5th Cir. 2010).  His previous Colorado conviction, which was the predicate aggravated felony for his prior conviction and sentence under § 1326(b)(2), is not subject to reconsideration.  *See Piedra-Morales*, 843 F.3d at 624-25; *Gamboa-Garcia*, 620 F.3d at 548-49.

Moreover, Mendoza Soto fails to show that the Colorado conviction was not an "aggravated felony."  He specifically has not shown that the conviction does not meet the residual definition of "crime of violence" in 18 U.S.C, § 16(b).  His claim that the residual definition is unconstitutionally vague and, thus, no enhancement under § 2L1.2(b)(1)(C) (2014) can be applied under that provision lacks merit.  *See United States v. Godoy*, 890 F.3d 531, 540 (5th Cir. 2018).

Mendoza Soto also suggests that the district court improperly sentenced him under § 1326(b)(2).  This claim is unavailing because his prior conviction for illegal reentry following a conviction for an aggravated felony rendered him subject to § 1326(b)(2).  *See Gamboa-Garcia*, 620 F.3d at 548.  However, while

2

No. 17-50354

he was sentenced pursuant to § 1326(b)(2), the judgment of conviction states only that he was convicted of violating § 1326. Thus, the case is remanded pursuant to Federal Rule of Criminal 36 for the limited purpose of correcting the clerical error in the judgment to reflect that Mendoza Soto was convicted and sentenced under § 1326(a) and (b)(2), rather than § 1326.

AFFIRMED; LIMITED REMAND TO CORRECT JUDGMENT.