# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-11451
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 13, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROCKY RIOJAS-ORDAZ, also known as Joaquin Riojas-Ordaz, also known as
Rocky Riojas-Luna,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-122-1

Before BENAVIDES, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Rocky Riojas-Ordaz appeals the 48-month, above-Guidelines sentence he received after pleading guilty to his fourth conviction for illegal reentry. For the first time, Riojas-Ordaz challenges his conviction under 8 U.S.C. § 1326(b)(2), which sets the maximum penalty at 20 years of imprisonment for a defendant "whose removal was subsequent to a conviction for commission of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11451

an aggravated felony." He also argues that his sentence violates Due Process because his prior convictions were not alleged in the indictment. We review these unpreserved issues for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). We find none.

Riojas-Ordaz's three prior convictions under § 1326(b)(2) are "aggravated felonies." *See United States v. Gamboa-Garcia*, 620 F.3d 546, 548 (5th Cir. 2010) (citing 8 U.S.C. § 1101(a)(43)(O)). The district court was entitled to rely on these convictions as aggravated felonies, without revisiting whether Riojas-Ordaz's underlying conviction qualified under 8 U.S.C. § 1101(a)(43)(F) or (G). *See United States v. Piedra-Morales*, 843 F.3d 623, 624-25 (5th Cir. 2016) (citing *Gamboa-Garcia*, 620 F.3d at 549).

Riojas-Ordaz correctly concedes his second issue is foreclosed by *Almendarez-Torres v. United States*, which held that a prior conviction is not a fact that must be alleged in an indictment when applying a statutory sentencing enhancement. 523 U.S. 224, 235, 239 (1998); *see also United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007).

Having found no error, plain or otherwise, the judgment of the district court is AFFIRMED.

2