# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 25, 2022

Lyle W. Cayce
Clerk

No. 21-10879
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Juan Jesus Barrieta-Barrera,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CR-23-1

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Juan Jesus Barrieta-Barrera appeals his conviction and sentence for illegal reentry after deportation following an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(2). Barrieta-Barrera contends that the district court erred in sentencing him under § 1326(b)(2) because his prior

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10879

Minnesota conviction for criminal sexual contact in the third degree does not constitute an aggravated felony after *Mathis v. United States*, 136 S. Ct. 2243 (2016), and as a result, his two prior illegal reentry offenses do not count as aggravated felonies.

As the Government asserts and as Barrieta-Barrera concedes, the sole issue raised on appeal is foreclosed by *United States v. Gamboa-Garcia*, 620 F.3d 546, 548-49 (5th Cir. 2010), and *United States v. Piedra-Morales*, 843 F.3d 623, 624-25 (5th Cir. 2016). Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), summary affirmance is proper.

Accordingly, the motion for summary affirmance is GRANTED, and the judgments of the district court are AFFIRMED. The Government's alternative motion for an extension of time is DENIED.