# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 23, 2016

Lyle W. Cayce
Clerk

No. 15-40442
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE PRUDENCIO CANALES-BONILLA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CR-721-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Following his guilty plea conviction for illegal reentry, Jose Prudencio Canales-Bonilla was sentenced to 41 months of imprisonment, which sentence included a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) due to Canales-Bonilla's prior conviction for the California offense of rape of a spouse under California Penal Code § 262. Canales-Bonilla argues that the district court erred by convicting, sentencing, and entering judgment against

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40442

him "based on its determination that his 1997 California conviction for rape of a spouse qualified as a conviction for a 'crime of violence' under 18 U.S.C. § 16(b) and thus one for an 'aggravated felony' under 8 U.S.C. § 1101(a)(43)(F)." Relying primarily on *Johnson v. United States*, 135 S. Ct. 2551 (2015), he argues that the definition of a crime of violence in § 16(b), as incorporated by reference into the definition of an aggravated felony in § 1101(a)(43)(F), is unconstitutionally vague on its face. He further contends that this court cannot apply § 16(b) in this case without violating due process.

The Government has filed an unopposed motion for summary affirmance, urging that Canales-Bonilla's arguments are foreclosed by our recent decision in *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc), *petition for cert. filed* (Sept. 29, 2016) (No. 16-6259). The Government is correct that *Gonzalez-Longoria* forecloses Canales-Bonilla's facial vagueness challenge to § 16(b), and his challenge to our application of § 16(b) on due process grounds.[1] *See id.* Accordingly, the motion for summary affirmance is GRANTED, and the district court's judgment is AFFIRMED. The Government's alternate motion for an extension of time to file a brief is DENIED.

---

[1] The recent grant of certiorari by the United States Supreme Court on the issue whether § 16(b) is unconstitutional in light of *Johnson* in *Lynch v. Dimaya*, ___ S. Ct. ___, 2016 WL 3232911 (Sept. 29, 2016), does not alter the analysis. This court is bound by its own precedent unless and until that precedent is altered by a decision of the Supreme Court. *See Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986).