# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

—————————

No. 15-40108
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**

August 17, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE LARA-GARCIA,

Defendant-Appellant

————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CR-9-1

————————————

## ON REMAND FROM THE UNITED STATES SUPREME COURT

Before HIGGINBOTHAM and HAYNES, Circuit Judges. *

PER CURIAM:

Jose Lara-Garcia appealed his judgment of conviction contending that he should not have been convicted under 8 U.S.C. § 1326(b)(2) based upon his conviction under Texas Penal Code § 22.02(a)(2). On December 5, 2016, we granted the Government's unopposed motion for summary affirmance in light

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4. Judge Edward Prado, a member of the original panel in this case, retired from the court on April 2, 2018, and therefore did not participate in the opinion on remand. The opinion on remand is issued by a quorum. *See* 28 U.S.C. § 46(d).

No. 15-40108

of our decision in *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc), *vacated*, 2018 U.S. LEXIS 3693 (U.S. Jun. 18, 2018) (No. 16-6259). *United States v. Lara-Garcia*, 671 F. App'x 248 (5th Cir. 2016). In our original decision, we followed our then-extant precedent and rejected the argument that the Texas aggravated assault conviction was not a crime of violence under 8 U.S.C. § 1101(a)(43)(F) which, in turn, adopted the definition in 18 U.S.C. § 16(b). *Id.* at 249. We thus did not reach the arguments regarding the definition in 18 U.S.C. § 16(a). *Id.*

Lara-Garcia petitioned the Supreme Court for certiorari. Following its decision in *Sessions v. Dimaya*, 584 U.S. ___, 138 S. Ct. 1204 (2018), the Court remanded this case to our court "for further consideration" in light of *Dimaya*. *Alvaro-Velasco v. United States*, 138 S. Ct. 1977 (U.S. 2018). We requested supplemental briefing from the parties.

The parties agree, and we conclude, that the holding in *Dimaya* renders incorrect our decision to grant summary affirmance. Because the case originally was not fully briefed, we conclude that our prior grant of summary affirmance should be vacated and the case should be reinstated on our docket with a normal briefing schedule.

Accordingly, we VACATE the order granting summary affirmance and REINSTATE the appeal on our docket.