# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40442
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 22, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JOSE PRUDENCIO CANALES-BONILLA,

Defendant – Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CR-721-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jose Prudencio Canales-Bonilla pleaded guilty to being an alien unlawfully present in the United States following removal, in violation of 8 U.S.C. § 1326 of the Immigration and Nationality Act ("INA"). The district court's judgment reflects that Canales-Bonilla was convicted and sentenced

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under § 1326(b)(2), which applies when the alien's removal was subsequent to a conviction for an aggravated felony.  On appeal, Canales-Bonilla contended that the district court committed reversible plain error in classifying his 1997 conviction for rape of a spouse under California Penal Code § 262 as an aggravated felony.  He argued that his conviction was not a crime of violence under 18 U.S.C. § 16(b) and, thus, not an aggravated felony under 8 U.S.C. § 1101(a)(43)(F) of the INA.

In response, the Government filed an unopposed motion for summary affirmance, asserting that Canales-Bonilla's arguments challenging the constitutionality of § 16(b) were foreclosed by our decision in *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc), *abrogated by Sessions v. Dimaya*, ___ U.S. ___ , 138 S.Ct. 1204 (2018).  We granted the Government's motion.  *United States v. Canales-Bonilla*, 664 F. App'x 403 (5th Cir. 2016).  However, the Supreme Court subsequently granted certiorari, vacated the judgment, and remanded this case to us for further consideration in light of its holding in *Dimaya*.  In *Dimaya*, the Supreme Court held that § 16(b) is unconstitutionally vague.  We have held that as a result of *Dimaya*, a § 16(b) offense may not be used as the basis for a conviction under § 1326(b)(2).  *See United States v. Godoy*, 890 F.3d 531, 542 (5th Cir. 2018).

The parties have submitted supplemental letter briefs at our request addressing what action we should now take.  Canales-Bonilla does not seek to undo his 41-month sentence.  However, he asserts that *Dimaya* requires that we remand his case to the district court for correction of the judgment to reflect conviction under § 1326(b)(1), which prohibits illegal reentry following deportation subsequent to "a felony (other than an aggravated felony)."  He

contends that his 1997 conviction for spousal rape under California law[1] can no longer be classified as an aggravated felony under *Dimaya* and, thus, his conviction for illegal reentry following deportation subsequent to an aggravated felony under § 1326(b)(2) cannot stand.

The Government acknowledges that *Dimaya* precludes the classification of Canales-Bonilla's prior conviction as an aggravated felony under § 16(b) as incorporated into § 1326(b)(2) through § 1101(a)(43)(F). The Government, however, asserts that his conviction for spousal rape nonetheless is an aggravated felony under a different subsection of the INA, § 1101(a)(43)(A), which specifically enumerates "rape" as an aggravated felony. The Government further points out that our review of Canales-Bonilla's challenge to the classification of his prior conviction is for plain error. It contends that if there was any error, the error was not clear or obvious.

In *Perez-Gonzalez v. Holder*, 667 F.3d 622, 625 (5th Cir. 2012), we noted that the INA does not define the term "rape." We determined, however, that when Congress added "rape" to the list of aggravated felonies in the INA, it "seem[ed] to have stayed close to the common-law definition [of rape] despite the fact that rape crimes defined by the states [had] a broader reach." *Id.* at 626. We further determined that "[a]t common law, 'rape' meant the 'unlawful sexual intercourse committed by a man with a woman *not his wife* through force and against her will . . . .'" *Id.* (quoting BLACK'S LAW DICTIONARY (9th ed. 2009) (emphasis added)). Because the victim of the California offense of rape of a spouse may be the wife of the perpetrator, the district court erred in treating Canales-Bonilla's prior conviction for spousal rape as an aggravated

---

[1] Section 262 of California's Penal Code prohibits "[r]ape of a person who is the spouse of the perpetrator," while Section 261 prohibits rape of "a person not the spouse of the perpetrator."

felony under the INA.  Moreover, the error was plain or obvious in light of our decision in *Perez-Gonzalez.*

The district court's misclassification of Canales-Bonilla's prior conviction substantially affected his rights, as it is the direct and sole cause of the error in the judgment.  The error seriously affected the fairness, integrity, or public reputation of judicial proceedings because of the significant collateral consequences that can flow from the aggravated felony classification.  *United States v. Ovalle-Garcia*, 868 F.3d 313, 314 (5th Cir. 2017).  Specifically, a conviction under § 1326(b)(2) is itself an aggravated felony, which would render Canales-Bonilla "permanently inadmissible to the United States." *Id.*

Accordingly, we REMAND to the district court for the limited purpose of correcting the judgment to reflect conviction under § 1326(b)(1) instead of § 1326(b)(2).  In all other respects, the judgment is AFFIRMED.