# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 9, 2021

Lyle W. Cayce
Clerk

No. 20-10679

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUAN TRUJILLO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-151-1

Before KING, DENNIS, and HO, *Circuit Judges*.
JAMES C. HO, *Circuit Judge*:

If a defendant is convicted of unlawful reentry into the United States after previously being removed from our country, federal law imposes a statutory maximum sentence of twenty years if his prior removal was subsequent to a conviction for an "aggravated felony." 8 U.S.C. § 1326(b)(2). The term "aggravated felony" includes "a crime of violence" as that term has been defined in 18 U.S.C. § 16. 8 U.S.C. § 1101(a)(43)(F).

We hold that Texas's intoxication manslaughter statute, TEX. PENAL CODE § 49.08(a), does not constitute a "crime of violence" under

No. 20-10679

18 U.S.C. § 16. As a result, the district court here erred when it convicted and sentenced Juan Trujillo under 8 U.S.C. § 1326(b)(2) based on his prior conviction under Texas Penal Code § 49.08(a). But as it turns out, the error did not ultimately affect his sentence. So there is no need to remand for resentencing. Accordingly, we reform the judgment to correct the error under 8 U.S.C. § 1326(b)(2) and affirm the sentence as reformed.

## I.

In 1995, Trujillo, a citizen of Mexico, was convicted of intoxication manslaughter under Texas Penal Code § 49.08(a), and sentenced to ten years in prison. He was later deported upon his release, but he subsequently returned to the United States. In 2008, he was arrested for driving while intoxicated (DWI). He was deported a second time, but again later returned to the United States. In 2017, he was arrested for DWI again.

Trujillo pleaded guilty to DWI in state court and was sentenced to two years in prison. After his release, he was transferred to federal custody pursuant to an indictment for illegal reentry under 8 U.S.C. § 1326. The indictment informed Trujillo that he was subject to a statutory maximum of twenty years in prison under 8 U.S.C. § 1326(b)(2).

Trujillo pleaded guilty to illegal reentry. The presentence report (PSR) calculated a range of seventy to eighty-seven months under the U.S. Sentencing Guidelines. Like the indictment, the PSR also stated that he was subject to a statutory maximum sentence of twenty years. The PSR noted his 1995 Texas conviction for intoxication manslaughter.

Trujillo did not file any written objections to the PSR and did not object to it at sentencing. The district court sentenced Trujillo to a within-Guidelines sentence of seventy-two months and two years of supervised release—well short of the twenty-year statutory maximum under 8 U.S.C. § 1326(b)(2). Trujillo did not object to his sentence. He timely appealed.

No. 20-10679

Because Trujillo did not object to the PSR's conclusion that he was subject to judgment under § 1326(b)(2), we review the district court's decision for plain error. *See United States v. Castaneda-Lozoya*, 812 F.3d 457, 459 (5th Cir. 2016). To prevail on plain error review, Trujillo must identify (1) a forfeited error (2) that is clear or obvious, rather than subject to reasonable dispute, and (3) that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he satisfies these three requirements, we may correct the error at our discretion if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotations omitted).

## II.

On appeal, Trujillo argues—and the Government concedes—that the district court erred by entering judgment under 8 U.S.C. § 1326(b)(2), because his Texas intoxication manslaughter conviction does not qualify as a "crime of violence" under 18 U.S.C. § 16.

When a defendant is convicted of illegal reentry following his removal from the United States, and his prior removal followed a conviction for an "aggravated felony," he is subject to a maximum sentence of twenty years. 8 U.S.C. § 1326(b)(2). If his prior removal followed a conviction for a felony that does not qualify as an "aggravated felony," however, he is subject to a maximum sentence of ten years. 8 U.S.C. § 1326(b)(1).

Federal law defines "aggravated felony" to include "a crime of violence" as defined in 18 U.S.C. § 16. 8 U.S.C. § 1101(a)(43)(F). Section 16(a), in turn, defines "a crime of violence" as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). (The Supreme Court held in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), that § 16(b) is unconstitutionally vague, so we apply only § 16(a) here.)

No. 20-10679

Under Texas law, a person commits intoxication manslaughter if he (1) "operates a motor vehicle in a public place," (2) "is intoxicated," and (3) "by reason of that intoxication causes the death of another by accident or mistake." Tex. Penal Code § 49.08(a).

As a matter of Supreme Court precedent, the Texas intoxication manslaughter statute does not qualify as a "crime of violence" under 18 U.S.C. § 16(a). In *Leocal v. Ashcroft*, 543 U.S. 1 (2004), the Court observed that "[t]he critical aspect of § 16(a) is that a crime of violence is one involving the 'use . . . of physical force *against the person or property of another*.'" *Id.* at 9. That "key phrase in § 16(a) . . . most naturally suggests a *higher degree of intent than negligent or merely accidental conduct*." *Id.* (emphasis added).

That conclusion confirms that the district court erred here. After all, the Texas intoxication manslaughter statute does not require a "higher degree of intent than negligent or merely accidental conduct." *Id.* To the contrary, the statute specifically requires that the defendant cause the death of another "by accident or mistake." Tex. Penal Code § 49.08(a). Accordingly, the Texas statute does not qualify as a "crime of violence" under 18 U.S.C. § 16(a), as that term was authoritatively construed by the Court in *Leocal*.

So the district court was wrong to enter a judgment of conviction and sentence under 8 U.S.C. § 1326(b)(2). Indeed, the parties agree that the court should have sentenced Trujillo under 8 U.S.C. § 1326(b)(1), because he was convicted of a felony other than an aggravated felony, and therefore subjected him to a statutory maximum sentence of ten years rather than twenty.

Entering conviction based on § 1326(b)(2) rather than § 1326(b)(1) can have collateral consequences for the defendant, such as permanent inadmissibility to the United States. That's because a conviction for

unlawful reentry following a prior conviction for an aggravated felony under § 1326(b)(2) is itself an aggravated felony. *See, e.g.*, *United States v. Ovalle-Garcia*, 868 F.3d 313, 314 (5th Cir. 2017). So we have reformed judgments when district courts have incorrectly entered convictions under § 1326(b)(2) rather than under § 1326(b)(1). *See, e.g.*, *United States v. Godoy*, 890 F.3d 531, 541–42 (5th Cir. 2018); *United States v. Mondragon-Santiago*, 564 F.3d 357, 369 (5th Cir. 2009). And we do so here as well.

### III.

Trujillo asks us for more. He asks us to vacate his sentence and remand so that the district court can consider whether the misclassification of his conviction influenced its sentencing decision. We decline to do so.

To warrant vacatur, Trujillo must "prove [that] the error affected the outcome in the district court." *Mondragon-Santiago*, 564 F.3d at 369. He must show that "the record indicate[s] the district court's sentence was influenced by an incorrect understanding of the statutory maximum sentence." *Id.*

There is no indication anywhere in the record that the sentence imposed here was influenced in any way by an incorrect understanding of the statutory maximum sentence. To the contrary, Trujillo concedes that the district court entered a sentence within the Guidelines range, and below the statutory maximum of § 1326(b)(1). Moreover, the district court did not even cite § 1326(b)(2) in its sentencing decision. Rather, the court focused instead on Trujillo's repeated violations to justify his seventy-two month sentence.

We have no difficulty, then, concluding that the district court's error concerning § 1326(b)(2) did not affect his sentence in any way.

Trujillo nevertheless suggests that we remand so that he can at least ask the district court whether it might have imposed a different sentence. But

No. 20-10679

it is Trujillo's burden on appeal to demonstrate a reasonable probability of a different result on remand. *See*, *e.g.*, *United States v. Lavalais*, 960 F.3d 180, 186 (5th Cir. 2020) (defendant "has the burden to demonstrate that all four prongs of plain error review are met"). He cannot do so here. So remand is not warranted. We will not order remand simply because Trujillo hopes to create a better appellate record.

\* \* \*

We reform the judgment to reflect conviction and sentencing under 8 U.S.C. § 1326(b)(1) and affirm the sentence as reformed.