# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 27, 2021

Lyle W. Cayce
Clerk

No. 18-40338

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MARGARITO OLVERA-MARTINEZ, *also known as Margarito Olvera Martinez*,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:17-CR-783

ON REMAND FROM THE UNITED STATES SUPREME COURT

Before SMITH, DENNIS, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Margarito Olvera-Martinez pled guilty of illegally reentering the United States after having been convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(b)(2), and was sentenced to 36 months in prison.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

On appeal, he argued his underlying felony conviction for Texas family violence assault did not constitute an aggravated felony under § 1326(b)(2). *See* Tex. Penal Code § 22.01(a)(1), (b)(2). We affirmed, concluding that argument was foreclosed by our precedent. *United States v. Olvera-Martinez*, 776 F. App'x 875 (5th Cir. 2019) (per curiam) (citing *United States v. Gracia-Cantu*, 920 F.3d 252 (5th Cir. 2019)). Olvera-Martinez petitioned the United States Supreme Court for a writ of certiorari.

While his petition was pending, the Supreme Court decided in *Borden v. United States*, 141 S. Ct. 1817, 1821-22 (2021), that a crime capable of commission with a "less culpable mental state than purpose or knowledge," such as "recklessness," cannot qualify as a "violent felony" under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). The Court then granted Olvera-Martinez's petition, vacated our judgment, and remanded for "further consideration in light of *Borden*." *Olvera-Martinez v. United States*, No. 19-6908, 2021 WL 2519043 (U.S. June 21, 2021).

Olvera-Martinez's underlying state conviction qualifies as an aggravated felony only via 18 U.S.C. § 16(a), which defines "crime of violence" virtually identically to the ACCA provision at issue in *Borden*. *See* 18 U.S.C. § 924(e)(2)(B); 8 U.S.C. § 1101(43)(F); *see also United States v. Trujillo*, 4 F.4th 287, 289 (5th Cir. 2021). On remand, the parties agree that, in light of *Borden*, Olvera-Martinez should not have been sentenced under § 1326(b)(2) because Texas family violence assault can be committed recklessly. *See* Tex. Penal Code § 22.01(a)(1) (one commits family violence assault by "intentionally, knowingly, *or recklessly* caus[ing] bodily injury to another, including the person's spouse" (emphasis added)). We agree.

Nonetheless, both parties also agree that Olvera-Martinez's conviction falls within 8 U.S.C. § 1326(b)(1), which covers illegal reentry

after conviction on three or more qualifying misdemeanors or a non-aggravated felony. They are correct.

We may either reform Olvera-Martinez's judgment or remand for the district court to do so. *See* 28 U.S.C. § 2106; *United States v. Hermoso*, 484 F. App'x 970, 973 (5th Cir. 2012) (per curiam). Reformation without remand is appropriate here. Olvera-Martinez's 36-month sentence is well below the statutory maximum under either § 1326(b)(1) (10 years) or (b)(2) (20 years) and is warranted by the facts. That said, a (b)(2) conviction can result in collateral consequences that do not attach to a (b)(1) conviction. *See United States v. Ovalle-Garcia*, 868 F.3d 313, 314 (5th Cir. 2017). We therefore reform the judgment to reflect that Olvera-Martinez was convicted and sentenced under § 1326(b)(1), not (b)(2). *Cf. Trujillo*, 4 F.4th at 289 (reforming judgment to correct error under § 1326(b)(2) without remanding where "the error did not ultimately affect [the] sentence").

\* \* \*

The judgment is AFFIRMED as REFORMED to reflect that Olvera-Martinez was convicted and sentenced under 8 U.S.C. § 1326(b)(1).