# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 11, 2021

Lyle W. Cayce
Clerk

No. 15-40108
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE LARA-GARCIA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CR-9-1

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before DAVIS, HAYNES, and GRAVES, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 15-40108

Jose Lara-Garcia pled guilty, without a plea agreement, to illegally reentering the United States after deportation in violation of 8 U.S.C. § 1326. The district court sentenced him to 46 months' imprisonment with no term of supervised release. The written judgment reflects that Lara-Garcia was sentenced under 8 U.S.C. § 1326(b)(2), based on the district court's conclusion that his prior conviction for aggravated assault in Texas qualifies as an "aggravated felony" under § 1326(b)(2). Lara-Garcia argues on appeal that Texas aggravated assault is not a crime of violence under Supreme Court caselaw. He therefore asks that we vacate the judgment and remand for the district court to enter an amended judgment reflecting that he was convicted under § 1326(b)(1), a less serious offense. While we agree that the district court should have sentenced Lara-Garcia under § 1326(b)(1), we reform the district court's judgment rather than remanding.

We have twice affirmed the judgment below, *see United States v. Lara-Garcia*, 671 F. App'x 248, 249 (5th Cir. 2016); *United States v. Lara-Garcia*, 772 F, App'x 100 (5th Cir. 2019), but the Supreme Court vacated our latest judgment and remanded for further consideration in light of *Borden v. United States*, 141 S. Ct. 1817 (2021). *Lara-Garcia v. United States*, 141 S. Ct. 2780 (2021). The government concedes on remand that, under *Borden*, the district court erred by entering judgment under 8 U.S.C. § 1326(b)(2), because Lara-Garcia's Texas aggravated assault conviction does not qualify as a "crime of violence" under 18 U.S.C. § 16. We agree. Lara-Garcia was convicted of violating § 22.02(a)[1] of the Texas Penal Code, an indivisible offense which

---

[1] A person commits aggravated assault in Texas "if the person commits assault as defined in [Texas Penal Code] § 22.01" and either "(1) causes serious bodily injury to another, including the person's spouse; or (2) uses or exhibits a deadly weapon during the commission of the assault." TEX. PENAL CODE § 22.02(a)(1) & (2). An assault under § 22.01 occurs when a person:

(1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;

No. 15-40108

may be committed recklessly, and therefore that conviction cannot form the predicate "aggravated felony" under § 1326(b)(2).[2] *See United States v. Torres*, 923 F.3d 420, 425 (5th Cir. 2019) (holding that the alternative forms of mens rea in § 22.01(a)(1) are indivisible); *Gomez-Perez v. Lynch*, 829 F.3d 323, 328 (5th Cir. 2016) (noting that, under the categorical approach, courts presume that the defendant was convicted of the offense involving the least degree of culpability). The district court therefore erred in entering judgment under § 1326(b)(2). Such an error can have collateral consequences for a defendant, such as permanent inadmissibility to the United States, because a conviction for unlawful reentry following a prior conviction for an aggravated felony under § 1326(b)(2) is itself an aggravated felony.[3] *United States v. Ovalle-Garcia*, 868 F.3d 313, 314 (5th Cir. 2017).

While the parties agree that the district court should have entered judgment under § 1326(b)(1), they disagree as to the remedy. The government asks that we reform the judgment, while Lara-Garcia asks that

---

> (2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or
> (3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

TEX. PENAL CODE § 22.01(a)(1)-(3).

[2] A defendant convicted of illegal reentry after previous removal from the United States, and whose removal followed a conviction for an "aggravated felony," is subject to a maximum sentence of twenty years under 8 U.S.C. § 1326(b)(2). But if the defendant's prior removal followed a conviction for a felony that does not qualify as an "aggravated felony," then the defendant is subject to a maximum sentence of 10 years. 8 U.S.C. § 1326(b)(1). Federal law defines "aggravated felony" to include a "crime of violence" as defined in 18 U.S.C. § 16. 8 U.S.C. § 1101(a)(43)(F). Section 16(a) in turn defines a "crime of violence" as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a).

[3] For this reason, the fact that Lara-Garcia was released from prison in 2017 does not moot his appeal, a point which the government also concedes. *United States v. Ovalle–Garcia*, 868 F.3d 313 (5th Cir. 2017).

we vacate the judgment and remand for the district court to amend it. By statute this court can "affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances." 28 U.S.C. § 2106. "The best reading of the statute confers discretion either to reform the judgment or to remand for the district to do so." *United States v. Hermoso*, 484 F. App'x 970, 972–73 (5th Cir. 2012). We have reformed judgments when district courts have incorrectly entered convictions under § 1326(b)(2) rather than under § 1326(b)(1). *E.g.*, *United States v. Trujillo*, 4 F.4th 287, 291 (5th Cir. 2021) *United States v. Godoy*, 890 F.3d 531, 541–42 (5th Cir. 2018); *United States v. Mondragon-Santiago*, 564 F.3d 357, 369 (5th Cir. 2009). And we have opted for reformation rather than vacatur when the defendant fails to show that the mistake affected the defendant's sentence. *See United States v. Trujillo*, 4 F.4th 287, 291 (5th Cir. 2021); *United States v. Mondragon-Santiago*, 564 F.3d 357, 369 (5th Cir. 2009)

Lara-Garcia acknowledges that reformation would correct the error below and he makes no argument that the error affected his sentence. He nonetheless insists that vacatur is necessary to protect him in future immigration proceedings. He contends that, if we only reform the judgment rather than vacating it for the district court to amend it, he runs the risk that a district court, law enforcement officers, and immigration courts involved in his hypothetical, future illegal reentry case or immigration proceeding might ignore or overlook a reformation of judgment ordered by this court. We decline Lara-Garcia's request as too tenuous. To conserve judicial resources we instead reform the judgment to reflect that he was convicted and sentenced under 8 U.S.C. § 1326(b)(1). *Cf. Trujillo*, 4 F.4th at 291 ("We will

No. 15-40108

not order remand simply because [the defendant] hopes to create a better appellate record.").

Accordingly, we REFORM the judgment to reflect conviction and sentencing under 8 U.S.C. § 1326(b)(1) and AFFIRM the sentence as reformed.