# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 25, 2022

Lyle W. Cayce
Clerk

No. 21-50700

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ISRAEL GARCIA-MARCELO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:21-CR-141-1

Before JONES, HO, and WILSON, *Circuit Judges*.

PER CURIAM:*

Israel Garcia-Marcelo pleaded guilty to one count of illegal reentry. On appeal, he contends that the district court erred in entering judgment under 8 U.S.C. § 1326(b)(2) based on his prior conviction under Louisiana Revised Statutes § 14:81(A). Garcia also argues that his written judgment

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50700

includes various discretionary conditions of supervised release that were not pronounced at sentencing.

We agree with Garcia as to both issues. Accordingly, we vacate his sentence in part and remand for the district court to reform and amend its written judgment in accordance with this opinion.

## I.

In 2016, Garcia, a citizen of Mexico, was convicted of "indecent behavior with a juvenile" in violation of § 14:81(A) of the Louisiana Revised Statutes and sentenced to 32 months' imprisonment. Garcia was deported after serving his sentence. In 2021, Garcia pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326(a).

Garcia's presentence report (PSR) calculated a guidelines range of 15 to 21 months' imprisonment and explained that, because of his 2016 Louisiana conviction, Garcia was subject to a statutory maximum sentence of twenty years' imprisonment under 8 U.S.C. § 1326(b)(2). The PSR went on to detail six special conditions of supervised release that it recommended imposing "[i]n addition to the mandatory and standard conditions adopted by the Court."

The district court sentenced Garcia to an above-Guidelines sentence of 30 months' imprisonment and a three-year term of supervised release. The district court did not orally adopt the PSR at sentencing. However, the district court did impose special conditions of supervised release that were virtually identical to those recommended in the PSR. The district court also informed Garcia that, in the event he was deported, "[i]t would be a violation of [his] supervised release" to "return to the United States."

After sentencing, the district court issued its written judgment, which stated that Garcia was convicted of illegal reentry under 8 U.S.C. § 1326(a)

No. 21-50700

and (b)(2).  The written judgment included the special conditions of supervised release that were discussed at sentencing, along with nine "mandatory" and seventeen "standard" conditions of supervised release that the district court had not referenced.  Garcia timely appealed.

On appeal, Garcia contends that (1) the district court erred by entering judgment under § 1326(b)(2) based on his Louisiana conviction because it does not qualify as an "aggravated felony" and (2) that the district court failed to orally pronounce discretionary conditions of supervised release that were included in the written judgment.

## II.

We start with Garcia's claim that the district court erred by entering judgment under 8 U.S.C. § 1326(b)(2).

## A.

Because Garcia raises this argument for the first time on appeal, we review the district court's decision for plain error.  *See United States v. Castaneda-Lozoya*, 812 F.3d 457, 459 (5th Cir. 2016).  To prevail under that standard, Garcia must identify (1) a forfeited error (2) that is clear or obvious, rather than subject to reasonable dispute, and (3) that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he satisfies these three requirements, we may correct the error at our discretion if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.* (cleaned up).

## B.

"When a defendant is convicted of illegal reentry following his removal from the United States, and his prior removal followed a conviction for an 'aggravated felony,' he is subject to a maximum sentence of twenty years."  *United States v. Trujillo*, 4 F.4th 287, 290 (5th Cir. 2021) (quoting 8

No. 21-50700

U.S.C. § 1326(b)(2)), *cert. denied*, 142 S. Ct. 837 (2022). But "[i]f his prior removal followed a conviction for a felony that does not qualify as an 'aggravated felony,' . . . he is subject to a maximum sentence of ten years." *Id.* (quoting 8 U.S.C. § 1326(b)(1)).

Under federal law, "sexual abuse of a minor" is an "aggravated felony." 8 U.S.C. § 1101(a)(43)(A). To determine whether, "for the purpose of § 1326(b)(2)," Garcia's Louisiana conviction qualifies as "sexual abuse of a minor," we "employ a categorical approach by looking to the statute of conviction, rather than to the specific facts underlying the crime." *United States v. Montanez-Trejo*, 708 F. App'x 161, 165 (5th Cir. 2017) (cleaned up). That approach requires us to ask whether "the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding aggravated felony." *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562, 1568 (2017) (quotations omitted). In other words, we must "presume that the state conviction rested upon the least of the acts criminalized by the statute, and then . . . determine whether that conduct would fall within the federal definition of [sexual abuse of a minor]." *Id.* (cleaned up).

## C.

The Louisiana statute under which Garcia was convicted makes it a felony to engage in "[a]ny lewd or lascivious act" with a child "*under the age of seventeen*, where there is an age difference of greater than two years between the two persons." La. Rev. Stat. § 14:81(A)(1) (emphasis added). It also criminalizes "[t]he transmission, delivery or utterance of any . . . communication depicting lewd or lascivious conduct . . . to any person reasonably believed to be *under the age of seventeen* and reasonably believed to be at least two years younger than the offender." *Id.* § 14:81(A)(2) (emphasis added).

4

No. 21-50700

But in *Esquivel-Quintana v. Sessions*, the Supreme Court held that "in the context of statutory rape offenses that criminalize sexual intercourse based solely on the age of the participants, the generic federal definition of sexual abuse of a minor requires that the victim be *younger than 16*." 137 S. Ct. at 1568. "Because the [Louisiana] statute at issue in this case does not categorically fall within that definition," it does not qualify as an "aggravated felony under § 1101(a)(43)(A)" that warrants entry of judgment under § 1326(b)(2). *Id.*

The Government, for its part, does not dispute any of this or otherwise contend that Garcia's state conviction qualifies as an "aggravated felony." Instead, it simply asserts that "[n]o federal court has ever determined whether the Louisiana statute under which Garcia was convicted qualifies as an . . . aggravated felony," and so any error on the part of the district court cannot be "obvious plain error."

We disagree. To determine whether an error is plain, "we look to the state of the law at the time of appeal, and we must decide whether controlling circuit or Supreme Court precedent has reached the issue in question, or whether the legal question would be subject to reasonable dispute." *United States v. Fields*, 777 F.3d 799, 802 (5th Cir. 2015) (quotations omitted). Here, the district court's error is not "subject to reasonable dispute" in light of *Esquivel-Quintana*.[1] *Id.* (quotations omitted). So the district court plainly erred by treating Garcia's Louisiana conviction as an "aggravated felony" that warranted entry of judgment under § 1326(b)(2).

---

[1] Indeed, as Garcia notes, our court "has applied *Esquivel-Quintana* to materially identical . . . statutes and found [them] to be categorically broader than the generic definition of 'sexual abuse of a minor' because they included 16-year-old victims." *See United States v. Sanchez-Arvizu*, 893 F.3d 312, 315 (5th Cir. 2018); *Shroff v. Sessions*, 890 F.3d 542, 545–46 (5th Cir. 2018).

The third prong of the plain error test is met, as we have previously recognized that "[e]ntering conviction based on § 1326(b)(2) rather than § 1326(b)(1) can have collateral consequences for the defendant, such as permanent inadmissibility to the United States." *Trujillo*, 4 F.4th at 291. And as to the fourth prong, we exercise our discretion to correct the district court's error. *See United States v. Rodriguez-Flores*, 25 F.4th 385, 290 (5th Cir. 2022). In similar cases, we have remanded to the district court for the limited purpose of reforming the judgment to reflect the proper statute of conviction, even when reviewing for plain error. *See, e.g., id.* at 390-91; *United States v. Medrano-Camarillo*, 653 F. App'x 239, 240 (5th Cir. 2016); *United States v. Quintanilla-Ventura*, 616 F. App'x 189, 190 (5th Cir. 2015). We do so here as well.

## III.

That leaves Garcia's challenge to various conditions of supervised release that were included in his written judgment.

## A.

"The district court's obligation to orally pronounce its sentence is grounded in the defendant's right to be present at sentencing, which in turn is derived from the Fifth Amendment's Due Process Clause." *United States v. Gomez*, 960 F.3d 173, 178 (5th Cir. 2020). "If the in-court pronouncement differs from the judgment that later issues, what the judge said at sentencing controls." *United States v. Diggles*, 957 F.3d 551, 557 (5th Cir. 2020) (en banc), *cert. denied*, 141 S. Ct. 825 (2020).

This pronouncement requirement applies to certain conditions of supervised release. *See id.* So our court has established a framework "for determining which conditions of supervised release require oral pronouncement." *Gomez*, 960 F.3d at 179 (citation omitted). Under that framework, a district court must pronounce at sentencing any condition of

supervised release that is not required by 18 U.S.C. § 3583(d). *Diggles*, 957 F.3d at 559.

A district court satisfies the pronouncement requirement by giving the defendant notice at sentencing as to what conditions it is imposing, along with an opportunity to object. *Id.* at 560. "Oral in-court adoption of a written list of proposed conditions" is one method of providing "the necessary notice." *Id.* But "the mere existence of such a document is not enough for pronouncement." *Id.* at 561 n.5. The district court "must orally adopt the written recommendations when the defendant is in court" and "ensure . . . that the defendant had an opportunity to review [that document] with counsel." *Id.*

## B.

Here, Garcia's written judgment contains nine "mandatory" conditions and seventeen "standard" conditions that the district court did not orally pronounce at sentencing. All agree that these conditions mirror those listed in the standing order of the Western District of Texas. *See* United States District Court for the Western District of Texas, *Conditions of Probation and Supervised Release*, https://bit.ly/3ouyWtb (last visited Aug. 4, 2022). But the district court did not reference that standing order at sentencing or confirm that Garcia had reviewed it with counsel. The district court also failed to orally adopt the PSR at sentencing or to confirm that Garcia had reviewed it with counsel.

In short, the district court failed to adequately notify Garcia at sentencing that it was imposing the conditions listed in the standing order, and thus Garcia had no opportunity to object to its doing so. We must therefore review Garcia's challenge to these conditions for abuse of discretion. *United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020).

## C.

As noted, a "district court must orally pronounce a criminal defendant's sentence, including any discretionary conditions of supervised release, at the sentencing hearing." *United States v. Vargas*, 23 F.4th 526, 527 (5th Cir. 2022). Failing to do so is an error of law and thus an abuse of discretion. *See United States v. Jackson*, 2022 WL 738668, at *2 (5th Cir. Mar. 11, 2022). Any discretionary conditions that were not pronounced at sentencing "must be removed from the written judgment." *United States v. Fields*, 977 F.3d 358, 366 (5th Cir. 2020).

Garcia concedes, as he must, that the first seven "mandatory" conditions of supervised release included in his written judgment mirror the requirements set forth in 18 U.S.C. § 3583(d), and thus the district court was not required to pronounce them at sentencing. *See Diggles*, 957 F.3d at 559.

The remaining conditions Garcia objects to can be grouped into three categories: (1) conditions related to Garcia's finances; (2) conditions related to illegal activity; and (3) conditions related to Garcia's obligations more generally while on supervision.

In assessing the conditions within these categories, we note that our court recently addressed a largely identical challenge in *United States v. Jackson*. *See* 2022 WL 738668, at *3–4. *Jackson* is an unpublished decision, so we are not bound by it. *See United States v. Sauseda*, 596 F.3d 279, 282 (5th Cir. 2010). But we find its reasoning compelling and largely adopt it here.

### 1.

At Garcia's sentencing, the district court declined to impose a fine or restitution obligation but did orally order Garcia to pay a one-time $100

special assessment.  Garcia's written judgment, however, includes various conditions related to Garcia's finances.

Mandatory condition 8 requires Garcia to pay the special assessment that the district court imposed pursuant to 18 U.S.C. § 3013.  This condition is "consistent with the judgment imposing a special assessment, the statute which made the special assessment mandatory, and the district court's intent that [Garcia] be required to pay the special assessment as required by statute."  *Jackson*, 2022 WL 738668, at *3.  Accordingly, this condition is "consistent with the district court's oral pronouncement."  *Id.*  Standard condition 14—which makes Garcia's payment of the special assessment a condition of his supervised release—is likewise "consistent with the oral pronouncement."  *Id.*

Mandatory condition 9 directs Garcia to "notify the court of any material change in [his] economic circumstances that might affect [his] ability to pay restitution, fines or [the] special assessment."  And standard conditions 15 and 16 require Garcia to provide his "probation officer access to any requested financial information" and to refrain from "incur[ring] any new credit charges or open[ing] lines of credit without the approval of [his] probation officer, unless [he] is in compliance with the payment schedule" set forth in the written judgment.  The Government is obviously correct in observing that these conditions "relate to" the special assessment that was orally pronounced at sentencing.  But they are significantly "more burdensome . . . and thus conflict[] with the district court's oral pronouncement of [Garcia's] sentence."  *Id.*

**2.**

Standard condition 10 states that Garcia "shall not own, possess or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e. anything that was designed, or was modified, for the specific

purpose of causing bodily injury or death to another person such as nunchakus or tasers)." This condition is "partially consistent with the statutorily required condition that the defendant shall not commit another federal, state, or local offense." *Id. See* 18 U.S.C. § 3583(d). That's because, as a matter of federal law, individuals who have previously been convicted of a felony are prohibited from possessing firearms, ammunition, or destructive devices. *See* 18 U.S.C. § 922(g)(1). But "to the extent this condition broadens the statutory restriction by prohibiting the possession of other dangerous weapons, it conflicts with the district court's oral pronouncement and must be stricken in part." *Jackson*, 2022 WL 738668, at *3.

Standard condition 17 provides that, in the event Garcia is deported upon his release, he shall "not illegally re-enter the United States" and his "term of supervision shall be a non-reporting term of . . . supervised release." As Garcia appears to recognize, this portion of the condition is consistent with what the district court ordered at sentencing and with 18 U.S.C. § 3583(d)'s requirement that a defendant not commit any criminal offenses while on supervision.

**3.**

However, standard condition 17 goes on to specify other details regarding Garcia's term of supervision. For instance, it mandates that Garcia "shall immediately report in person to the nearest U.S. Probation Office" in the event he is not deported upon his release from prison. And the remaining "standard" conditions Garcia objects to concern his general obligations while on supervised release. "Taken together, these unpronounced, unincorporated, and unreferenced conditions found only in [Garcia's] written judgment, although critical to effectuating the purposes of supervised

No. 21-50700

release, are required to be excised according to our existing precedent."[2] *Jackson*, 2022 WL 738668, at *4.

* * *

For the foregoing reasons, we vacate Garcia's sentence in part and remand for the district court to reform and amend the judgment in accordance with this opinion.

---

[2] As our court has previously noted, "in certain circumstances the district court may later modify and enlarge the conditions of supervised release." *United States v. Chavez*, 2022 WL 767033, at *5 (5th Cir. Mar. 14, 2022) (citing 18 U.S.C. § 3583(e); Fed. R. Crim. P. 32.1(c)). If "the district court adheres to the procedural protections of these authorities, we see nothing that prevents the court from modifying [Garcia's] conditions of supervised release to include the Western District's standard conditions." *Id.*