# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 29, 2022

Lyle W. Cayce
Clerk

No. 21-50947

United States of America,

*Plaintiff—Appellee*,

*versus*

Regulo Ortiz,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-109-1

Before King, Higginson, and Willett, *Circuit Judges*.
Per Curiam:[*]

Regulo Ortiz was charged in an amended indictment with transporting illegal aliens under 8 U.S.C. § 1324(a)(1)(A)(ii) and (a)(1)(B)(ii). He was convicted after a jury trial, but the written judgment incorrectly states that he was convicted of transportation of illegal aliens for financial gain under § 1324(a)(1)(A)(ii) and (a)(1)(B)(i).

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50947

Ortiz's sole argument on appeal is that the evidence was not sufficient to support a conviction of transporting aliens for financial gain because the Government failed to prove the financial gain element. However, it is clear from the record that Ortiz was charged and convicted under § 1324(a)(1)(A)(ii) and (a)(1)(B)(ii), not § 1324(a)(1)(B)(i). The Government was therefore not required to prove that his actions were for financial gain after amending the indictment to delete that enhanced sentencing element. *United States v. Trujillo*, 4 F.4th 287, 291 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 837 (2022). The proper remedy when the judgment contains a clerical error that did not affect the sentence is reformation of the judgment, not vacatur of the sentence. *See id*; *see also United States v. Godoy*, 890 F.3d 531, 541–42 (5th Cir. 2018) (reforming the judgment when district court entered a conviction under the wrong statute).

We AFFIRM the conviction and REMAND to the district court with instructions to enter a reformed judgment reflecting that Ortiz was convicted and sentenced under 8 U.S.C. § 1324(a)(1)(A)(ii) and (a)(1)(B)(ii), and omitting the words "financial gain."