# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 8, 2024

Lyle W. Cayce
Clerk

_____

No. 22-11239
_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Hector Patricio Galvan,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:22-CR-48-1

_____

Before Richman, *Chief Judge*, and Graves and Wilson, *Circuit Judges*.

Per Curiam:[*]

Hector Patricio Galvan appeals his guilty-plea conviction for possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1). He argues § 922(g)(1) is unconstitutional and the factual basis for his conviction was insufficient. We affirm.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-11239

## I

Galvan pleaded guilty, pursuant to a written plea agreement, to possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1). He stipulated that he knowingly possessed a firearm, that he knew he had been convicted of a felony, and that the firearm traveled in interstate commerce. As part of the plea agreement, he waived his right to appeal or collaterally attack his conviction except to (1) directly appeal a sentence exceeding the statutory maximum or resulting from an arithmetic error, (2) challenge the voluntariness of the plea or the appeal waiver, and (3) bring an ineffective assistance of counsel claim. The district court sentenced Galvan to twenty-four months of imprisonment and three years of supervised release. Galvan timely appealed.[1]

## II

Galvan advances three arguments to contend his guilty-plea conviction is invalid. First, he argues § 922(g)(1) requires more than a firearm's past movement in commerce to show the requisite interstate nexus. Second, he argues § 922(g)(1) exceeds Congress's authority under the Commerce Clause. Third, he argues that § 922(g)(1) violates the Second Amendment under the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*.[2] Galvan concedes he did not raise these challenges in the district court and our review is for plain error.

---

[1] *See* Fed. R. App. P. 4(b)(1)(A).

[2] 597 U.S. 1 (2022).

2

No. 22-11239

The Government argues that Galvan waived his right to make these plain-error challenges under the terms of his appeal waiver. Because Galvan is unable to prevail on the merits, we decline to address this issue.[3]

Galvan's first two arguments are foreclosed by our precedent. First, we have clearly held the "'in or affecting commerce' element [of § 922(g)(1)] can be satisfied if the firearm possessed by a convicted felon had previously traveled in interstate commerce."[4] Second, "we have consistently upheld the constitutionality of § 922(g)(1)" in light of arguments that "§ 922(g)(1) exceeds Congress's authority under the Commerce Clause."[5] Accordingly, we reject these arguments.

Galvan's Second-Amendment challenge to § 922(g)(1) similarly fails to establish pain error. "Plain error is 'clear' or 'obvious' error that affects 'substantial rights' of the defendant and 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'"[6] To establish plain error, Galvan "must identify (1) a forfeited error (2) that is clear or obvious, rather than subject to reasonable dispute, and (3) that affects his substantial rights."[7] "If he satisfies these three requirements, we may correct the error

---

[3] *See United States v. Smith*, No. 22-10795, 2023 WL 5814936, at *2 (5th Cir. Sept. 8, 2023) (per curiam) (unpublished) (electing to evaluate the defendant's "argument[s] on the merits" despite the Government's "compelling argument regarding the applicability of [the defendant's] appeal waiver").

[4] *United States v. Rawls*, 85 F.3d 240, 242 (5th Cir. 1996) (citing *United States v. Fitzhugh*, 984 F.2d 143, 146 (5th Cir. 1993) and *Scarborough v. United States*, 431 U.S. 563, 575 (1977)).

[5] *United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013).

[6] *United States v. Sanchez*, 325 F.3d 600, 603 (5th Cir. 2003) (quoting *United States v. Saenz*, 134 F.3d 697, 701 (5th Cir. 1998)).

[7] *United States v. Trujillo*, 4 F.4th 287, 290 (5th Cir. 2021) (citing *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

No. 22-11239

at our discretion if it 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'"[8]  A "lack of binding authority is often dispositive in the plain error context."[9]  "An error is not plain 'unless the error is clear under current law.'"[10]  Because there is no binding precedent holding § 922(g)(1) unconstitutional and it is not clear that *Bruen* dictates such a conclusion, Galvan is unable to demonstrate an error that is clear or obvious.[11]  Accordingly, the district court did not plainly err by accepting Galvan's guilty plea.

\*     \*     \*

We AFFIRM the district court's judgment.

---

[8] *Id.* (quoting *Puckett*, 556 U.S. at 135).

[9] *United States v. McGavitt*, 28 F.4th 571, 577 (5th Cir. 2022) (internal quotation marks omitted) (quoting *United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015)), *cert. denied*, 143 S. Ct. 282 (2022).

[10] *United States v. Bishop*, 603 F.3d 279, 281 (5th Cir. 2010) (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)).

[11] *See United States v. Rodriguez-Parra*, 581 F.3d 227, 230-31 (5th Cir. 2009); *see also United States v. Smith*, No. 22-10795, 2023 WL 5814936, at \*3 (5th Cir. Sept. 8, 2023) (per curiam) (unpublished) (holding defendant failed to establish plain error when challenging constitutionality of § 922(g)(1) under *Bruen* "given the lack of binding authority deeming § 922(g)(1) unconstitutional").