# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-11223
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
September 30, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Armando Mena-Rodriguez,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CR-208-1

———————————————————————

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:*

Armando Mena-Rodriguez appeals the sentence imposed following his conviction for illegal reentry after deportation. Mena-Rodriguez argues that the district court's application of the recidivism enhancement in 8 U.S.C. § 1326(b) is unconstitutional. Nevertheless, he properly acknowledges that this argument is foreclosed by *Almendarez-Torres v. United*

———————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-11223

*States*, 523 U.S. 224 (1998). *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). He raises the issue only to preserve it for further review.

Next, Mena-Rodriguez requests that we consider remanding the case to correct the presentence report's mistaken assertion that no charges had been filed against him following his March 2023 arrest for driving while intoxicated. He contends that, if the district court had known that the State was pursuing felony charges against him, the court might have ordered the federal sentence to run concurrently or partially concurrently with the anticipated state sentence. However, it is Mena-Rodriguez's burden on plain error review to demonstrate a reasonable probability of a different result on remand, and he has failed to do so. *See United States v. Trujillo*, 4 F.4th 287, 291 (5th Cir. 2021); *United States v. Ayelotan*, 917 F.3d 394, 400 (5th Cir. 2019).

AFFIRMED.